People v Lebron (2024 NY Slip Op 06060)

People v Lebron

2024 NY Slip Op 06060

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-10392
 (Ind. No. 70074/22)

[*1]The People of the State of New York, respondent,
v
Luis Lebron, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel; Maritza Medina Olazarán on the brief), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Lisa Grey, J.), rendered November 15, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection issued at the time of sentencing is vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that the judgment is affirmed.
As the People correctly concede, the Supreme Court had no authority to issue an order of protection in favor of the individuals named therein since those individuals were neither victims of, nor witnesses to, the crime to which the defendant entered a plea of guilty (see CPL 530.13[4]; People v Fletcher, 220 AD3d 805; People v Gonzalez, 217 AD3d 965, 966).
Moreover, as the defendant correctly contends and the People concede, the Supreme Court failed to state on the record the reasons for issuing the order of protection at the time of sentencing (see CPL 530.13[4]; People v Moncrieft, 168 AD3d 982, 985).
Accordingly, we vacate the order of protection issued at the time of sentencing.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court